UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT W. DRISCOLL, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 16-11325-LTS |
| THOMAS ARENA, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON PLAINTIFF'S MOTION TO REMAND

September 1, 2016

SOROKIN, J.

Two related cases raising the same issue and involving Plaintiff Robert W. Driscoll, Jr. ("Driscoll") and Defendant Thomas Arena ("Arena") are pending before this Court. See Civ. Action No. 16-11331. In each case, Arena removed the action to this Court from the Court of Common Pleas for Philadelphia County, Pennsylvania. Doc. No. 1. Driscoll has moved to remand. Doc. No. 13. Because there is no basis for removal, the Court ALLOWS the motion.

Driscoll and Arena were parties to a transaction in the course of which Arena executed a promissory note in Driscoll's favor. Doc. No. 14 at 3. Arena defaulted, causing the entire outstanding principal amount, plus interest and fees, to become due. Id. The promissory note further contained a Confession of Judgement clause permitting Driscoll to "confess" judgement by filing a Confession Complaint pursuant to the Pennsylvania state rules of civil procedure. Id. at 4. Driscoll did so, and on May 25, 2016, judgment entered against Arena in the Court of Common Pleas in Pennsylvania in the amount of $336,986.85. Id. at 4. Driscoll subsequently served Arena with notice of the judgment. Id. On June 28, 2016, relying upon diversity

jurisdiction, Arena removed the matter to this Court and filed a motion to strike or open the confessed judgment. Doc. Nos. 1, 2, 16 at 1.

At a status conference on July 19, 2016, the Court *sua sponte* raised the issue of the propriety of removal to this district. Doc. 12. The removal statute, 28 U.S.C. § 1446, provides that "[a] defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." Neither party disputes that the statute means anything other than its express direction: removal must be to the district and division encompassing the state court in which the action is then pending. The appropriate district court for removal is the Eastern District of Pennsylvania. The parties have not made any persuasive showing that this Court qualifies under the statute.[1] Thus, removal to this Court was not permitted.

Driscoll seeks attorneys' fees and costs incurred in moving for remand. Doc. No. 14 at 10. The Court rejects this request. The Court held the July 2016 conference to avoid expensive motion practice. The Court *sua sponte* informed the parties of the removal issue and suggested they agree to remand the action to state court or transfer it to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) (enabling a district court to transfer a civil action to another district where it might have been brought for the convenience of the parties). The parties declined and instead proposed a briefing scheduling regarding remand. Having chosen to engage in briefing, neither party may now seek the fees incurred by virtue of its choice.

---

[1] Driscoll argues that Rooker-Feldman doctrine precludes this Court's consideration of the case because the judgment of the state court was final. Doc. No. 14 at 8-9; see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Arena contests that the state court judgment was final. Doc. No. 16 at 4-10. Resolution of the question does not affect the issue of remand now before the Court because, even if Rooker-Feldman is inapplicable, the removing party still must abide by the strictures of the removal statute, 28 U.S.C. § 1446.

3

Driscoll's motion to remand, Doc. No. 13, is ALLOWED, and this case is remanded to the Court of Common Pleas Of Philadelphia County.  The Court does not reach Arena's motion to strike, Doc. No. 2.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge